UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMESTOWN SHORES, LLC, et al.,

    Plaintiffs,

v.

JAMESTOWN CHARTER TOWNSHIP,

    Defendant.
_____/

Case No. 1:23-cv-849

Hon. Hala Y. Jarbou

## OPINION

On January 13, 2025, this Court issued an opinion and an accompanying order holding that Defendant Jamestown Charter Township ("Township") conducted an unconstitutional taking when it required Plaintiffs Jamestown Shores, LLC ("JS") and Quincy Street Ventures ("QSV") to submit in-lieu payments that Township would use to build bike paths in other areas of town. (ECF Nos. 62, 63.) Township did not establish a nexus between the payments and the negative externalities of Plaintiffs' developments.

Upon the Court's request, the parties submitted additional briefing on the sole remaining issue: the proper remedy for Township's Taking Clause violations. Plaintiffs seek the following remedies: reimbursement for JS's $94,078.50 in-lieu payment, interest on JS's in-lieu payment (accruing as of the payment date), a declaratory judgment invalidating the $19,913.00 in-lieu payment that Township demanded from QSV, and an order enjoining Township from enforcing the bike-path ordinance against JS and QSV. Plaintiffs also signaled that they will seek attorneys' fees and costs. The Court has discussed the factual background of this case in previous opinions and need not reiterate it here. Instead, the Court will address each proposed remedy in turn.

# I. REMEDIES

### A. Return of the JS Payment

Because JS's $94,078.50 in-lieu payment was an uncompensated taking, Plaintiffs seek the return of this payment with interest. "[I]n the event of a taking, the compensation remedy is required by the Constitution." *Knick v. Township of Scott*, 588 U.S. 180, 193 (2019). "[J]ust compensation means the full monetary equivalent of the property taken. The owner is to be put in the same position monetarily as he would have occupied if his property had not been taken." *Almota Farmers Elevator & Warehouse Co. v. United States*, 409 U.S. 470, 473-74 (1973). The right to compensation "arises at the time of the taking . . . [so] the compensation must generally consist of the total value of the property when taken, plus interest *from that time*." *Knick*, 588 U.S. at 190 (emphasis added). The just compensation remedy "derives as much content from the basic equitable principles of fairness[] as it does from technical concepts of property law." *United States v. Certain Land Situated in the City of Detroit*, 450 F.3d 205, 209-10 (6th Cir. 2006) (quoting *United States v. Fuller*, 409 U.S. 488, 490 (1973)). The property owner "must be made whole but [they are] not entitled to more." *Id.* at 210 (quoting *Olson v. United States*, 292 U.S. 246, 255 (1934)).

The parties agree that returning JS's $94,078.50 in-lieu payment, with interest, is proper. The parties disagree on the time of accrual for interest and the proper interest rate.

First, the proper time of accrual for interest. As indicated above, JS's right to compensation arose when the taking occurred (the moment JS paid Township $94,078.50). So the just compensation will "consist of the total value of the property when taken"—which is $94,078.50— "plus interest from [the time of the taking]." *Knick*, 588 U.S. at 190. Therefore, pre-judgment interest will accrue as of November 2, 2021, the day Township received JS's payment. (Van Haitsma Aff. ¶ 5, ECF No. 29-2.)

2

Next, the proper interest rate. Plaintiffs suggest that an interest rate between 6-8% would be appropriate based on the Michigan Uniform Condemnation Procedures Act ("MUCPA") (Mich. Comp. Laws § 213.65) or, alternatively, based on some non-binding caselaw. Township argues that the Court should set the interest rate according to either the Declaration of Taking Act ("DTA") (40 U.S.C. § 3114) or Michigan's prejudgment interest statute (Mich. Comp. Laws § 600.6013).

"[T]he determination of a reasonable rate of interest for just compensation is a finding of fact . . . ." *Certain Land*, 450 F.3d at 212. Because the DTA applies to actions "brought by and in the name of the United States," it does not apply to this taking. 40 U.S.C. § 3114. Further, the Court is hesitant to impose the DTA interest rates on this taking, as the formula does not "account for long periods of delay in the payment of just compensation and . . . it does not reflect the financial impact from the perspective of the property owner." *Tulare Lake Basin Water Storage Dist. v. United States*, 61 Fed. Cl. 624, 630 (2004). Similarly, Michigan's prejudgment interest statute does not provide proper guidance for calculating just compensation in Takings Clause cases, as the statute prescribes how courts should assess interest on damages that accrue at the time a complaint is filed. *Perceptron, Inc. v. Sensor Adaptive Machs., Inc.*, 221 F.3d 913, 924 (6th Cir. 2000) (citing *H.J. Tucker & Assocs., Inc. v. Allied Chucker & Eng'g Co.*, 595 N.W.2d 176, 183 (Mich. App. 1999)). Here, JS's right to just compensation arose at the time of the taking, not when Plaintiffs filed the complaint.

While the MUCPA only applies where the government acquires property through condemnation, *Mount Clemens Recreational Bowl, Inc. v. Director of Department of Health and Human Services*, 998 N.W.2d 917, 921-22 (Mich. Ct. App. 2022), the statute nonetheless serves as a helpful guide to determine the proper interest rate in this case. The MUCPA sets the

3

parameters of just compensation when a city acquires private property, *City of Kalamazoo v. KTS Industries Inc.*, 687 N.W.2d 319, 324 (Mich. Ct. App. 2004) (citing *City of Lansing v. Edward Rose Realty, Inc.*, 502 N.W.2d 638, 642 (Mich. 1993)), and it incorporates the same principles of fairness from which other just-compensation determinations must be made. *Mich. Dep't of Transp. v. Tomkins*, 749 N.W.2d 716, 721-22 (Mich. 2008). Under the statute, courts should use "the interest rate applicable to a federal income tax deficiency or penalty" in order to effectuate just compensation. Mich. Comp. Laws § 213.65(2). The Court finds this interest rate will properly compensate JS, as it establishes just compensation for the value of property and applies to the date the property was taken. *Id.* §§ 213.52, 213.65(3). Additionally, the interest rate applicable to federal income tax deficiencies or penalties is used to compensate private parties for improper payments to government entities. JS's payment to Township was similarly improper. The Court will assess an interest rate based on the federal income tax deficiency or penalty rates, as this rate will restore JS to the monetary position it would have occupied without the taking. JS is entitled to the sum of $94,078.50 plus interest, according to the IRS schedules for corporate overpayment,[1] accruing as of November 2, 2021 (the payment date).

**B. Declaratory Judgment Invalidating the QSV Payment**

Plaintiffs next seek a declaratory judgment invalidating the outstanding in-lieu payment Township demanded from QSV. The Court already made clear that the $19,913.00 in-lieu payment Township sought from QSV was an unconstitutional application of its zoning ordinances. (1/13/2025 Op. 4; 1/13/2025 Order.) The Court will include such a declaration in its judgment.

---

[1] *IRS Quarterly Interest Rates*, IRS.gov, https://perma.cc/YWZ8-FJSP.

### C. Enjoining Future Enforcement of Bike-Path Ordinance

Plaintiffs also seek a broad injunction that enjoins Township from enforcing the bike path provisions of its zoning ordinance against JS and QSV in the future. Such an injunction would be inappropriate.

As Township notes, this Court already determined that the bike path provisions of Township's zoning ordinances are facially constitutional. The Court's opinion, order, and forthcoming judgment are narrow, applying only to the in-lieu payments at issue in this matter. Township could establish the necessary nexus and proportionality in future applications of these provisions against Plaintiffs. The Court will not issue the requested injunction.

### D. Attorneys' Fees and Costs

Plaintiffs signaled that they will seek attorneys' fees, but they have not yet filed the necessary motion. Fed. R. Civ. P. 54(d)(2)(A). Should Plaintiffs seek attorneys' fees through the appropriate channel, the Court will consider such an award at that time and after proper briefing from both parties.

## II. CONCLUSION

Plaintiffs have a right to just compensation for Township's takings. JS is entitled to recoup its $94,078.50 in-lieu payment (with interest accruing as of the payment date), and the Court will reiterate that the $19,913.00 in-lieu payment Township sought from QSV was unconstitutional. The Court will not issue a broad injunction enjoining Township's future enforcement of the bike path provisions, and the Court will not award attorneys' fees at this time.

The Court will issue a judgment consistent with this Opinion and previous proceedings.

Dated: March 20, 2025                    /s/ Hala Y. Jarbou
                                         HALA Y. JARBOU
                                         CHIEF UNITED STATES DISTRICT JUDGE

5